

## Fourth Court of Appeals

### San Antonio, Texas

January 18, 2018

No. 04-16-00509-CR

Malcolm **GANDY**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2014CR6350
Honorable Melisa Skinner, Judge Presiding

## O R D E R

This appeal was submitted on briefs on September 6, 2017. On appeal, appellant raises five points of error challenging the trial court's order denying his motion to suppress. In his brief, appellant cites to a suppression hearing held on September 21, 2015; however, a copy of the reporter's record from that hearing has not been filed in this court.[1]

A review of the clerk's record reflects that on August 22, 2016, appellant filed a Request for Preparation of Reporter's Record, specifically requesting preparation of the record from both the motion to suppress evidence hearing and sentencing hearing. In his request, appellant identifies Maria Fattahi as the court reporter for the suppression hearing. Thereafter, on September 21, 2016, Maria Fattahi filed in this court a notification of late record, stating the record would not be filed because appellant has not paid or made arrangements to pay the reporter's fee to prepare the record and appellant is not entitled to the record without paying the fee. *See* TEX. R. APP. P. 34.6(b), 35.3(b). No action was taken by this court in response to this notification.

Rule 37.3(c) of the Texas Rules of Appellate Procedure provides that in the event a reporter's record is not filed, we may consider and decide points of error that do not require a reporter's record, but only after we give appellant notice and a reasonable opportunity to cure. *See id.* R. 37.3(c). Accordingly, we **ORDER** appellant to provide written proof to this court on

---

[1] We note the State acknowledges in its brief that a copy of the suppression hearing has not been properly filed in this court and counsel has not had access to a certified copy of that record.

or before **January 29, 2018** that either (1) the fee for the preparation of the record from the suppression hearing has been paid or arrangements have been made to pay the fee, or (2) appellant is entitled to the record without prepayment of the reporter's fee. *See id.* R. 35.3(b). If appellant fails to respond within the time provided, then we will only consider those issues or points raised in appellant's brief that do not require a reporter's record for a decision. *See id.* R. 37.3(c).

We **order** the clerk of this court to serve a copy of this order on all counsel and the court reporter Maria Fattahi.

It is so ORDERED on this 18th day of January, 2018.

**PER CURIAM**

ATTESTED TO:
Keith E. Hottle,
Clerk of Court

